IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:15-CV-00349-FL

|  |  |  |
|---|---|---|
| ISAAC BRENNAN HORTON IV AND OMEZE NWANKWO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ANSWER TO FIRST AMENDED COMPLAINT** |
| THE CITY OF RALEIGH, R.J. PIKE, JOHN DOE I, JOHN DOE II, and JOHN DOE III, | ) ) ) ) | |
| Defendants. | ) ) | |

NOW COMES Defendant, R.J. Pike ("Pike" or "Defendant"), by and through his undersigned counsel, and responds to the First Amended Complaint ("Amended Complaint") of Plaintiff Isaac Brennan Horton IV ("Plaintiff Horton") and Plaintiff Omeze Nwankwo ("Plaintiff Nwankwo") (collectively "Plaintiffs") as follows:

**FIRST DEFENSE**

**SUMMARY**

1.     In response to the first sentence of the Paragraph titled "Summary" in the First Amended Complaint, Defendant admits that Plaintiffs seek damages and other relief arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and under North Carolina law, although it is denied that Plaintiffs are entitled to the relief sought.  The remaining allegations contained in Paragraph 1 of the First Amended Complaint constitute legal conclusions to which no response is required

of this answering Defendant. To the extent that a response is deemed required to the remaining allegations contained in Paragraph 1 of the First Amended Complaint, said allegations are denied. It is specifically denied that Plaintiffs are entitled to compensatory or punitive damages, or other relief, as alleged.

## PARTIES

2. This answering Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint, but instead demands strict proof.

3. This answering Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint, but instead demands strict proof.

4. It is admitted that on the date of the events described in the First Amended Complaint, which are denied as stated, this answering Defendant was employed by the City of Raleigh. The remaining allegations contained in Paragraph 4 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of Defendant.

5. The allegations contained in Paragraph 5 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of Defendant.

6. The allegations contained in Paragraph 6 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of Defendant.

7.     The allegations contained in the first sentence of Paragraph 7 of the First Amended Complaint are denied.  The allegations contained in the second sentence of Paragraph 7 of the First Amended Complaint are admitted.  It is admitted that Plaintiffs seek to sue Defendant in both his individual and official capacities, but it is denied that this answering Defendant is liable to Plaintiffs in any capacity.

8.     The allegations contained in Paragraph 8 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is required of Defendant.

9.     The allegations contained in Paragraph 9 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.  To the extent that a response is deemed required of Defendant, said allegations are denied.

10.    It is denied that this answering Defendant engaged in the conduct as alleged in the First Amended Complaint.  The remaining allegations contained in Paragraph 10 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of Defendant.

## JURISDICTION AND VENUE

11.    The allegations contained in Paragraph 11 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.  To the extent that a response is deemed required of Defendant, said allegations are denied.

12.     The allegations contained in Paragraph 12 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.   To the extent that a response is deemed required of Defendant, said allegations are denied.

13.     The allegations contained in Paragraph 13 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.   To the extent that a response is deemed required of Defendant, said allegations are denied.

14.     The allegations contained in the first sentence of Paragraph 14 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.   To the extent that a response is deemed required of Defendant, said allegations are denied.   In response to the allegations contained in the second sentence of Paragraph of 14 of the First Amended Complaint it is admitted that Defendant resides in this District, and that most of the key events at issue occurred in this judicial district, although it is specifically denied that the events occurred as alleged. Defendant does not have sufficient information to form a belief as to the remaining allegations contained in the second sentence of Paragraph 14 of the First Amended Complaint, and accordingly said allegations are denied.

## FACTS

### *Mr. Nwankwo is arrested without probable cause*

15.     Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint, and therefore said allegations are denied.

16.     Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint, and therefore said allegations are denied.

17.     The allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18.     The allegations contained in Paragraph 18 of the First Amended Complaint are denied.

19.     The allegations contained in Paragraph 19 of the First Amended Complaint are denied.

20.     The allegations contained in Paragraph 20 of the First Amended Complaint are denied.

21.     It is admitted that Plaintiff Nwankwo stepped onto the sidewalk and that Defendant instructed Plaintiff Nwankwo to move out of the middle of the sidewalk, as he was impeding the flow of pedestrian traffic.  It is further admitted that Plaintiff Nwankwo stated that he "knew his rights," and that "you [Defendant] cannot do shit to me."  Except as admitted, the remaining allegations contained in Paragraph 21 of the First Amended Complaint are denied.

22.     The allegations contained in Paragraph 22 of the First Amended Complaint are denied.

23.     It is admitted that Defendant arrested Plaintiff Nwankwo for violating Raleigh City Code Sec. 13-2031 and N.C. Gen Stat. § 14-223.  Except as admitted, the remaining allegations contained in Paragraph 23 are denied.

24.     The allegations contained in Paragraph 24 of the First Amended Complaint are denied.

25.     The allegations contained in Paragraph 25 of the First Amended Complaint are denied.

26.     The allegations contained in Paragraph 26 of the First Amended Complaint are denied.

27.     The allegations contained in Paragraph 27 of the First Amended Complaint are denied.

28.     It is denied that Defendant tightened any disposable plastic flex cuffs placed around Mr. Nwankwo's wrist(s) at any time.  The allegations contained in Paragraph 28 of the First Amended Complaint are denied.

29.     It is denied that Defendant tightened any disposable plastic flex cuffs placed around Mr. Nwankwo's wrist(s) at any time.  The allegations contained in Paragraph 29 of the First Amended Complaint are denied.

30.     This answering Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint, and therefore said allegations are denied.

31.     It is specifically denied that Defendant engaged in disproportionate and/or inappropriate actions.  The allegations contained in Paragraph 31 of the First Amended Complaint are denied.

32.     It is admitted that Plaintiff Nwankwo continually made combative and uncooperative statements, including but not limited to referring to the police officers as "faggots," until Plaintiff Horton warned Plaintiff Nwankwo not to use profanity, as Plaintiff Horton was recording Plaintiff Nwankwo's arrest.  This answering Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the First Amended Complaint, and therefore said allegations are denied.

33.     It is admitted that several police officers lead Plaintiff Nwankwo to a police transport van.  This answering Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 33 of the First Amended Complaint.  The remaining allegations contained in Paragraph 33 are denied.

34.     The allegations contained in Paragraph 34 of the First Amended Complaint are denied.

35.     It is specifically denied that Defendant applied disposable plastic flex cuffs to the wrist(s) of Plaintiff Nwankwo, and it is specifically denied that Defendant tightened any disposable plastic flex cuffs placed on the wrist(s) of Plaintiff Nwankwo.  Defendant does not have sufficient information to form a belief as to the remaining

allegations contained in Paragraph 35 of the First Amended Complaint, and therefore said allegations are denied.

### *Mr. Horton Videos the Arrest*

36.     It is admitted upon information and belief that Plaintiff Horton, at some point in time, began to record the arrest of Plaintiff Nwankwo.  Defendant does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 36 of the First Amended Complaint, and therefore said allegations are denied.

37.     It is admitted that Plaintiff Horton cautioned Plaintiff Nwankwo to stop using profanity.  This answering Defendant does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 37 of the First Amended Complaint, and therefore said allegations are denied for lack of information and belief.

38.     It is admitted upon information and belief that Plaintiff Horton followed Plaintiff Nwankwo, while recording the arrest of Plaintiff Nwankwo, and at one point in time Plaintiff Horton stated words to the effect of "I'm right here."  This answering Defendant does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 38 of the First Amended Complaint, and therefore said allegations are denied for lack of information and belief.

39.     It is admitted that Plaintiff Horton made certain combative and uncooperative statements.  It is admitted that one of the officers on the scene ordered to "10-95" him, referring to Plaintiff Horton.  The remaining allegations contained in Paragraph 39 of the First Amended Complaint are denied.

40.     The allegations contained in Paragraph 40 of the First Amended Complaint are denied.

41.     The allegations contained in Paragraph 41 of the First Amended Complaint are denied.

42.     The allegations contained in Paragraph 42 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.  To the extent that a response is deemed required, the allegations are denied.

43.     The allegations contained in Paragraph 43 of the First Amended Complaint are denied.

44.     It is admitted that Plaintiff Horton was charged with Second Degree Trespass for refusing to leave the nightclub Noir after being asked to do so by agents of the property owner.   Except as admitted, the remaining allegations contained in Paragraph 44 of the First Amended Complaint are denied.

45.     The contents of any charge or citation issued to Plaintiff Horton speak for themselves.  Accordingly, no further response is required of Defendant.

46.     The allegations contained in Paragraph 46 of the First Amended Complaint are denied.

47.     The allegations contained in Paragraph 47 of the First Amended Complaint are denied.

48.     The contents of any charge or citation issued to Plaintiff Horton speak for themselves.  Except as admitted, the remaining allegations contained in Paragraph 48 of the First Amended Complaint are denied.

49.     The allegations contained in Paragraph 49 of the First Amended Complaint are denied.

### *Transport to lockup*

50.      It is admitted that Plaintiffs were placed in the back of a police transport van.  This answering Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the First Amended Complaint.

51.     The allegations contained in Paragraph 51 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of Defendant.

52.     It is admitted that Plaintiffs were transported to the Wake County jail.  This defendant does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 52 of the First Amended Complaint, and therefore said allegations are denied for lack of information and belief.

### *Resolution of the Action*

53.     The allegations contained in Paragraph 53 of the First Amended Complaint are admitted upon information and belief.

54.     It is admitted that the charges against both Plaintiffs were ultimately dismissed.  It is admitted that the magistrate judge at the Wake County jail found

probable cause for the arrests of both of the Plaintiffs. It is further admitted that the Wake County Assistant District Attorney who dismissed the charges against Plaintiff Nwankwo mistakenly believed that a violation of Raleigh City Code Sec. 13-2031(b) could occur only in connection with panhandling. The remaining allegations contained in Paragraph 54 of the First Amended Complaint are denied.

## FIRST CLAIM FOR RELIEF

### Unconstitutional False Arrest Pursuant to 42 U.S.C. § 1983
### (Detective R.J. Pike, John Doe I, John Doe II, John Doe III)

55.     Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 54 of the First Amended Complaint as if fully set forth herein.

56.     It is specifically denied that the Plaintiffs were falsely arrested or detained with no basis in fact or law to do so. The allegations contained in Paragraph 56 of the First Amended Complaint are denied.

57.     It is specifically denied that Defendant falsified Plaintiff Horton's arrest report. The allegations contained in Paragraph 57 of the First Amended Complaint are denied.

58.     It is specifically denied that Plaintiffs' rights to be free from false arrest were violated. The allegations contained in Paragraph 58 of the First Amended Complaint are denied.

59.     It is denied that Defendant committed the acts as alleged in the First Amended Complaint. The allegations contained in Paragraph 59 of the First Amended Complaint are denied.

60.     It is denied that Defendant engaged in the conduct as alleged in the First Amended Complaint.  The allegations contained in Paragraph 60 of the First Amended Complaint are denied.

61.     It is denied that Defendant engaged in the actions as alleged in the First Amended Complaint.  The allegations contained in Paragraph 61 of the First Amended Complaint are denied.

## SECOND CLAIM FOR RELIEF

### Unconstitutional Excessive Use of Force Pursuant to 42 U.S.C. § 1983
### (Detective R.J. Pike, John Doe I, John Doe II, John Doe III)

62.     Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 61 of the First Amended Complaint as if fully set forth herein.

63.     The allegations contained in Paragraph 63 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

64.     The allegations contained in Paragraph 64 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

65.     It is denied that Defendant engaged in the actions as alleged in the First Amended Complaint.  It is denied that Defendant's actions constituted excessive and unlawful force in violation of the Plaintiffs' constitutional rights or the guarantees set out in 42 U.S.C. § 1983, and accordingly, the allegations contained in Paragraph 65 of the First Amended Complaint are denied.  The allegations contained in subsections (a), (b)

and (e) of Paragraph 65 of the First Amended Complaint are specifically denied. The remaining allegations contained in Paragraph 65 of the First Amended Complaint are not directed to this answering Defendant, and therefore no response is required of him. To the extent that a response is deemed required, said allegations are denied.

66. It is specifically denied that the force used by Defendant on Plaintiffs was unreasonable, excessive, or without lawful justification or excuse, and accordingly the allegations contained in Paragraph 66 of the First Amended Complaint are denied. The remaining allegations contained in Paragraph 66 of the First Amended Complaint are not directed to this answering Defendant, and therefore no response is required of him. To the extent that a response is deemed required, said allegations are denied.

67. It is specifically denied that Defendant engaged in unlawful or unconstitutional conduct as alleged, and accordingly the allegations contained in Paragraph 67 are denied. The remaining allegations contained in Paragraph 67 of the First Amended Complaint are not directed to this answering Defendant, and therefore no response is required of him. To the extent that a response is deemed required, said allegations are denied.

68. It is denied that the actions of Defendant were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiffs' rights. The allegations contained in Paragraph 68 of the First Amended Complaint as directed to this answering Defendant are denied. The remaining allegations are directed towards other Defendants to which no response is required of this Defendant.

69.    The allegations contained in Paragraph 69 of the First Amended Complaint are denied.

## **THIRD CLAIM FOR RELIEF**

**Unconstitutional Custom or Practice of Excessive Use of Force**
**Pursuant to 42 U.S.C. § 1983**
**(Raleigh)**

70.    Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 69 of the First Amended Complaint as if fully set forth herein.

71.    The allegations contained in Paragraph 71 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of this Defendant.

72.    The allegations contained in Paragraph 72 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of this Defendant.

73.    The allegations contained in Paragraph 73 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of this Defendant.

74.    The allegations contained in Paragraph 74 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of this Defendant.

75.    The allegations contained in Paragraph 75 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of this Defendant.

76.     The allegations contained in Paragraph 76 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant.  Accordingly, no response is required of this Defendant.

77.     It is specifically denied that this Defendant engaged in improper, reckless, and unlawful actions as alleged.  The remaining allegations contained in Paragraph 77 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant.  Accordingly, no further response is required of this Defendant.

78.     The allegations contained in Paragraph 78 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant.  Accordingly, no response is required of this Defendant.

79.     The allegations contained in Paragraph 79 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant.  Accordingly, no response is required of this Defendant.

80.     The allegations contained in Paragraph 80 of the First Amended Complaint are denied.

81.     The allegations contained in Paragraph 81 of the First Amended Complaint are denied.

82.     The allegations contained in Paragraph 82 of the First Amended Complaint are denied.

83.     It is specifically denied that this Defendant violated the City of Raleigh's policy against non-biased policing.  The allegations contained in Paragraph 83 as directed towards Defendant are denied.  The remaining allegations contained in Paragraph 83 of

the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is required to said allegations by this Defendant. To the extent that a response is deemed required, said allegations are denied.

84.     The allegations contained in Paragraph 84 of the First Amended Complaint are denied.

85.     The allegations contained in Paragraph 85 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of Defendant.

86.     The allegations contained in Paragraph 86 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of Defendant.

87.     It is specifically denied that Defendant violated citizens' constitutional rights, and it is specifically denied that Defendant unlawfully targeted and detained African American men in the manner alleged in the First Amended Complaint. The allegations contained in Paragraph 87 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of Defendant.

88.     It is specifically denied that Defendant engaged in the improper, reckless or unlawful conduct as alleged in the First Amended Complaint. The allegations contained in Paragraph 88 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of Defendant.

89.     It is specifically denied that the force used by Defendant was unreasonable, excessive, or was without lawful justification or excuse. The allegations contained in Paragraph 89 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant.  Accordingly, no response is required of Defendant.

90.     The allegations contained in Paragraph 90 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant. Accordingly, no response is required of Defendant.

91.     The allegations contained in Paragraph 91 of the First Amended Complaint are denied.

## FOURTH CLAIM FOR RELIEF

### False Imprisonment/False Arrest
### (All Defendants)

92.     Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 91 of the First Amended Complaint as if fully set forth herein.

93.     The allegations contained in Paragraph 93 of the First Amended Complaint are denied.

94.     It is denied that the arrest and restraint of Plaintiffs were wrongful and/or unlawful.  The allegations contained in Paragraph 94 of the First Amended Complaint are denied.

95.     It is denied that the Plaintiffs were subjected to false imprisonment and/or false arrest as alleged.  The allegations contained in Paragraph 95 of the First Amended Complaint are accordingly denied.

96.     It is denied that the conduct of Defendant was inappropriate and/or unlawful.  The allegations contained in Paragraph 96 of the First Amended Complaint as directed towards this answering Defendant are denied.  The remaining allegations are directed towards other Defendants to which no response is required of this Defendant.

97.     It is denied that the actions of Defendant were intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiffs' rights and safety.  The allegations as directed to this answering Defendant are denied.  The remaining allegations contained in Paragraph 97 of the First Amended Complaint  are directed towards other Defendants to which no response is required of this Defendant.

## FIFTH CLAIM FOR RELIEF

### Malicious Prosecution
### (Raleigh and Detective Pike)

98.     Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 97 of the First Amended Complaint as if fully set forth herein.

99.     The allegations contained in Paragraph 99 of the First Amended Complaint are denied.

100.    It is admitted that the criminal proceedings against the Plaintiffs were voluntarily dismissed by a Wake County Assistant District Attorney.  The remaining

allegations contained in Paragraph 100 of the First Amended Complaint constitute conclusions of law to which no response is required of this Defendant.

101.    This Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 101 of the First Amended Complaint, and therefore said allegations are denied.

102.    It is specifically denied that Defendant engaged in malicious prosecution of the Plaintiffs.    The allegations contained in Paragraph 102 of the First Amended Complaint are denied.

103.    It is specifically denied that this Defendant engaged in the conduct as alleged in the First Amended Complaint, and it is denied that Defendant engaged in unlawful conduct as alleged.    The remaining allegations contained in Paragraph 103 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

104.    It is specifically denied that Defendant's actions were intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiffs' rights and safety. The allegations contained in Paragraph 104 of the First Amended Complaint are denied.

## SIXTH CLAIM FOR RELIEF

### Abuse of Process
### (Raleigh and Detective Pike)

105.    Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 104 of the First Amended Complaint as if fully set forth herein.

106. The allegations contained in Paragraph 106 of the First Amended Complaint are denied.

107. It is admitted that the criminal proceedings against the Plaintiffs were voluntarily dismissed by a Wake County District Attorney. The remaining allegations contained in Paragraph 107 of the First Amended Complaint constitute conclusions of law to which no response is required of Defendant.

108. This Defendant does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 108 of the First Amended Complaint, and therefore said allegations are denied.

109. It is specifically denied that Defendant engaged in malicious prosecution of the Plaintiffs. The allegations contained in Paragraph 109 of the First Amended Complaint are denied.

110. It is specifically denied that this Defendant engaged in the conduct as alleged in the First Amended Complaint, and it is denied that Defendant engaged in unlawful conduct as alleged. The remaining allegations contained in Paragraph 110 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

111. It is specifically denied that Defendant's actions were intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiffs' rights and safety. The allegations contained in Paragraph 111 of the First Amended Complaint are denied.

## SEVENTH CLAIM FOR RELIEF

### Battery
### (All Defendants)

112.   Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 111 of the First Amended Complaint as if fully set forth herein.

113.   The allegations contained in Paragraph 113 of the First Amended Complaint as alleged towards this Defendant are denied.   The remaining allegations contained in Paragraph 113 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant.  To the extent that a response is deemed required, said allegations are denied.

114.   It is specifically denied that Defendant restrained Plaintiff Nwankwo with disposable plastic flex cuffs, and it is specifically denied that Defendant tightened any disposable plastic flex cuffs placed on Plaintiff Nwankwo's wrist(s).  The allegations contained in Paragraph 114 of the First Amended Complaint as alleged towards Defendant are denied.  The remaining allegations contained in Paragraph 114 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and thus no response is required of this Defendant.   To the extent that a response is deemed required, said allegations are denied.

115.   It is specifically denied that Defendant engaged in unlawful conduct as alleged.  The allegations contained in Paragraph 115 of the First Amended Complaint as alleged towards Defendant are denied.  The remaining allegations contained in Paragraph 115 of the First Amended Complaint are directed towards Defendants other than this

answering Defendant, and thus no response is required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

116. It is denied that Defendant engaged in unlawful conduct as alleged. The allegations contained in Paragraph 116 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

117. It is specifically denied that Defendant's actions were intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiffs' rights and safety. The allegations contained in Paragraph 117 of the First Amended Complaint as directed towards Defendant are denied. The remaining allegations contained in Paragraph 117 are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

## EIGHTH CLAIM FOR RELIEF

### Assault
### (All Defendants)

118. Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 117 of the First Amended Complaint as if fully set forth herein.

119. It is specifically denied that Defendant engaged in the conduct as alleged in Paragraph 119 of the First Amended Complaint. The remaining allegations contained in Paragraph 119 are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

120.   The allegations contained in Paragraph 120 as alleged towards Defendant are denied.  The remaining allegations contained in Paragraph 120 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant.  To the extent that a response is deemed required, said allegations are denied.

121.   It is specifically denied that Defendant engaged in unlawful conduct, and accordingly the allegations as directed towards Defendant are denied.  The remaining allegations contained in Paragraph 121 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant.  To the extent that a response is deemed required, said allegations are denied.

122.   It is denied that Defendant engaged in unlawful conduct as alleged.  The allegations contained in Paragraph 122 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

123.   It is specifically denied that Defendant's actions were intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiffs' rights and safety. The allegations contained in Paragraph 123 of the First Amended Complaint as directed towards Defendant are denied.  The remaining allegations contained in Paragraph 123 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and thus no response is required of this Defendant.  To the extent that a response is deemed required, said allegations are denied.

## NINETH CLAIM FOR RELIEF

### Negligence
### (Raleigh)

124.    Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 123 of the First Amended Complaint as if fully set forth herein.

125.    The allegations contained in Paragraph 125 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

126.    The allegations contained in Paragraph 126 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

127.    The allegations contained in Paragraph 127 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

128.    The allegations contained in Paragraph 128 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

129.    The allegations contained in Paragraph 129 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

130. The allegations contained in Paragraph 130 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

131. The allegations contained in Paragraph 131 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

132. It is denied that this Defendant engaged in improper, reckless, and unlawful actions with respect to the use of plastic flex cuffs. The remaining allegations contained in Paragraph 132 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

133. The allegations contained in Paragraph 133 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

134. The allegations contained in Paragraph 134 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

135. It is denied that this Defendant violated any policy against non-biased policing as alleged. The remaining allegations contained in Paragraph 135 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

136.   It is denied that this Defendant violated any policy against non-biased policing as alleged.   The remaining allegations contained in Paragraph 136 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

137.   It is denied that this Defendant violated any policy against non-biased policing as alleged.   The remaining allegations contained in Paragraph 137 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

138.   It is denied that this Defendant violated any policy against non-biased policing as alleged.   The remaining allegations contained in Paragraph 138 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

139.   The allegations contained in Paragraph 139 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

140.   The allegations contained in Paragraph 140 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

141.   The allegations contained in Paragraph 141 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

142.   It is specifically denied that this Defendant engaged in improper, reckless, and/or unlawful actions as alleged.   The remaining allegations contained in Paragraph 142 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no further response is required of this Defendant.

143.   The allegations contained in Paragraph 143 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and therefore no response is required of this Defendant.

### TENTH CLAIM FOR RELIEF

**Gross Negligence**
**(All Defendants)**

144.   Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 143 of the First Amended Complaint as if fully set forth herein.

145.   The allegations contained in Paragraph 145 of the First Amended Complaint as directed towards this answering Defendant are denied.   The remaining allegations contained in Paragraph 145 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is required of this Defendant.   To the extent that a response is deemed required, said allegations are denied.

146.   The allegations contained in Paragraph 146 of the First Amended Complaint as directed towards this answering Defendant are denied.   The remaining allegations contained in Paragraph 146 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is

required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

147. The allegations contained in Paragraph 147 of the First Amended Complaint as directed towards this answering Defendant are denied. The remaining allegations contained in Paragraph 147 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

148. The allegations contained in Paragraph 148 of the First Amended Complaint as directed towards this answering Defendant are denied. The remaining allegations contained in Paragraph 148 of the First Amended Complaint are directed towards Defendants other than this answering Defendant, and therefore no response is required of this Defendant. To the extent that a response is deemed required, said allegations are denied.

149. The allegations contained in Paragraph 149 of the Complaint constitute conclusions of law to which no response is required of this answering Defendant.

## DEFENDANT CITY OF RALEIGH HAS WAIVED ITS SOVEREIGN IMMUNITY

150. Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 149 of the First Amended Complaint as if fully set forth herein.

151. The allegations contained in Paragraph 151 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

152. It is specifically denied that this answering Defendant engaged in any tort as alleged by the Plaintiffs. The allegations contained in Paragraph 152 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

153. The allegations contained in Paragraph 153 of the First Amended Complaint constitute conclusions of law to which no response is required of this answering Defendant.

154. The allegations contained in Paragraph 154 of the First Amended Complaint are directed towards a Defendant other than this answering Defendant, and accordingly, no response is required of this Defendant. In addition, no response is required of this answering Defendant for the reason that the allegations contained in Paragraph 154 of the First Amended Complaint constitute conclusions of law.

EACH AND EVERY ALLEGATION CONTAINED IN THE FIRST AMENDED COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.

## **SECOND DEFENSE**

As a further affirmative defense, Defendant states that the actions of Plaintiff Nwankwo himself caused any injuries or damages he may have sustained, and that Plaintiff Nwankwo failed to prevent and/or mitigate his own damages in that he

specifically ignored and defied lawful instructions given by Defendant. Defendant asserts that these acts on the part of Plaintiff Nwankwo were a direct and proximate cause of any injuries or damages allegedly sustained by Plaintiff Nwankwo, and are specifically pled as the cause of Plaintiff Nwankwo's alleged injuries and damages and are further specifically pleaded as a failure by Plaintiff Nwankwo to avoid and/or mitigate damages in bar of any right which Plaintiff Nwankwo might otherwise have to recover in this action.

## THIRD DEFENSE

As a further affirmative defense, Defendant states that the actions of Plaintiff Horton himself caused any injuries or damages he may have sustained, and that Plaintiff Horton failed to prevent and/or mitigate his own damages in that he specifically ignored and defied lawful instructions given by Defendant. Defendant asserts that these acts on the part of Plaintiff Horton were a direct and proximate cause of any injuries or damages allegedly sustained by Plaintiff Horton, and are specifically pled as the cause of Plaintiff Horton's alleged injuries and damages and are further specifically pleaded as a failure by Plaintiff Horton to avoid and/or mitigate damages in bar of any right which Plaintiff Horton might otherwise have to recover in this action.

## FOURTH DEFENSE

Defendant was legally justified in seeking to effect the arrest of Plaintiffs pursuant to N.C. Gen. Stat. § 15A-401, which allows the use of force under the circumstances which existed at the time. N.C. Gen. Stat. § 15A-401, and Defendant's compliance therewith, is pled as a defense in bar of Plaintiffs' rights to recover damages in this case.

## FIFTH DEFENSE

Defendant alleges that at all times relevant to this action, he was acting as an agent of the City of Raleigh, and that he acted without malice and in the good faith belief that his duties were carried out in accordance with the laws and Constitutions of the United States and North Carolina, and is therefore protected by the doctrine of qualified immunity as to Plaintiffs' claims.

## SIXTH DEFENSE

Defendant was acting at all relevant times in the course and scope of his duties as a sworn law enforcement officer, engaging in discretionary and governmental functions, and he is entitled to all immunities applicable to a public officer or official, including but not limited to the common law defense of good faith and public official's immunity.

## SEVENTH DEFENSE

The actions of Defendant in connection with the detention and arrest of the Plaintiffs were valid, lawful, reasonable, and supported by probable and just cause. Probable cause, just cause, and legal justification are pled in bar of Plaintiffs' claims in this action.

## EIGHTH DEFENSE

At all times relevant herein, Defendant interacted with the Plaintiffs reasonably and did not violate any of the Plaintiffs' clearly established statutory or Constitutional rights. The Plaintiffs' claims are barred by the reasonable and lawful conduct of the City's employees.

### NINETH DEFENSE

Defendant exercised his discretion and judgment and acted within reasonable limits in his contacts with Plaintiffs given the facts and circumstances that faced him. The appropriate exercise of discretion and judgment by Defendant bars Plaintiffs' claims.

### TENTH DEFENSE

Defendant pleads all applicable immunities to which he is entitled by operation of law in bar of Plaintiffs' claims.

### ELEVENTH DEFENSE

Defendant's conduct was privileged; therefore Plaintiffs are barred from any recovery.

### TWELFTH DEFENSE

At the time of the incident, Defendant had a reasonable belief that his conduct was appropriate under the circumstances, and thus Plaintiffs are barred from any recovery.

### THIRTEENTH DEFENSE

At all times referred to in the Complaint, Defendant's alleged conduct was a necessity under the circumstances then existing and created by Plaintiffs and their actions, and necessity is plead in bar of any right which Plaintiffs might otherwise have to recover herein.

### FOURTEENTH DEFENSE

Plaintiff Nwankwo willfully and knowingly engaged in misconduct, which was a direct and proximate cause of any injuries he may have sustained, and is therefore barred from any recovery in this action.

### FIFTEENTH DEFENSE

Plaintiff Horton willfully and knowingly engaged in misconduct, which was a direct and proximate cause of any injuries he may have sustained, and is therefore barred from any recovery in this action.

### SIXTEENTH DEFENSE

Plaintiff Nwankwo willfully and intentionally engaged in misconduct designed to provoke the alleged incident. This provocation is pled as an affirmative defense in bar of Plaintiff Nwankwo's recovery, if any, in this action.

### SEVENTEENTH DEFENSE

Plaintiff Horton willfully and intentionally engaged in misconduct designed to provoke the alleged incident. This provocation is pled as an affirmative defense in bar of Plaintiff Horton's recovery, if any, in this action.

### EIGHTEENTH DEFENSE

In the alternative, Defendant pleads that Plaintiff Nwankwo's own aggravated negligence, as set forth above, contributed to his alleged injuries; therefore Plaintiff is barred from any recovery, in whole or in part, by his own aggravated and contributory negligence, and by his own gross contributory negligence.

### NINETEENTH DEFENSE

In the alternative, Defendant pleads that Plaintiff Horton's own aggravated negligence, as set forth above, contributed to his alleged injuries; therefore Plaintiff is barred from any recovery, in whole or in part, by his own aggravated and gross contributory negligence, and by his own gross contributory negligence.

## TWENTIETH DEFENSE

As an additional defense to Plaintiffs' claims for punitive damages, Defendant asserts and pleads that even if Defendant was grossly in violation of public policy and in disregard to Plaintiffs' rights (which is again specifically denied), the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the North Carolina Constitution. Also, the imposition of punitive damages under current procedures would violate both of these Constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

## TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state, in whole or in part, claims against Defendant upon which relief may be granted.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend his Answer and to assert additional affirmative defenses as the claims of the Plaintiffs are more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, having answered each and every allegation contained in Plaintiffs' First Amended Complaint, Defendant makes the following Prayer for Relief:

1.      That the Plaintiffs have and recover nothing of this Defendant by way of their First Amended Complaint;

2.      That the costs of this matter be taxed to the Plaintiffs, including attorney's fees;

3.      For a trial by jury of all issues of fact so triable; and

4.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 30th day of October, 2015.

JACKSON LEWIS P.C.

BY:     */s/ Patricia L. Holland*
        PATRICIA L. HOLLAND
        N. C. State Bar No. 8816
        PAUL S. HOLSCHER
        N. C. State Bar No. 33991
        *Attorneys for Defendant R.J. Pike*
        3737 Glenwood Avenue, Ste. 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:   (919) 760-6461
        Email:  patricia.holland@jacksonlewis.com
        Email:  paul.holscher@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:15-CV-00349-FL

| | |
|---|---|
| ISAAC BRENNAN HORTON IV AND OMEZE NWANKWO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE CITY OF RALEIGH, R. J. PIKE, JOHN DOE I, JOHN DOE II, and JOHN DOE III (individually and in their official capacities as employees of the City of Raleigh), | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 30, 2015, the foregoing *Answer to First Amended Complaint* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

James C. White, Esq.
Michelle M. Walker, Esq.
Parry Tyndall White
100 Europa Drive, Suite 401
Chapel Hill, NC 27517
jimwhite@ptwfirm.com
*Attorney for Plaintiff*

Hunt K. Choi, Esq.
THOMAS A. McCORMICK
City Attorney's Office
Post Office Box 590
Raleigh, NC 27602
hunt.choi@ci.raleigh.nc.us
*Attorney for Defendant The City of Raleigh*

JACKSON LEWIS P.C.

BY:    */s/  Patricia L. Holland*                      
       PATRICIA L. HOLLAND
       N. C. State Bar No. 8816
       PAUL S. HOLSCHER
       N. C. State Bar No. 33991
       *Attorneys for Defendant R.J. Pike*
       3737 Glenwood Avenue, Ste. 450
       Raleigh, NC 27612
       Telephone:  (919) 760-6460
       Facsimile:  (919) 760-6461
       Email: patricia.holland@jacksonlewis.com
       Email: paul.holscher@jacksonlewis.com

4812-0327-0442, v.  1