IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-cv-00349-FL

| | | |
|---|---|---|
| ISAAC BRENNAN HORTON IV and OMEZE NWANKWO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **CITY OF RALEIGH'S ANSWER TO FIRST AMENDED COMPLAINT** |
| THE CITY OF RALEIGH, R.J. PIKE, JOHN DOE I, JOHN DOE II, and JOHN DOE III | ) ) ) | |
| Defendants | ) | |

NOW COMES the City of Raleigh (hereinafter, the "City"), by and through undersigned counsel and responding to the numbered allegations of Plaintiffs' Amended Complaint, alleges and says:

<u>**FIRST DEFENSE**</u>

1.      Paragraph 1 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the allegations contained in paragraph 1 are denied.

2.      The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Amended Complaint.  Therefore, these allegations are denied.

3.      The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Amended Complaint.  Therefore, these allegations are denied.

1

4.     It is admitted that the City is and was at all times relevant herein a municipal corporation created and authorized under the laws of the State of North Carolina. It is further admitted that the City is authorized by law to maintain a police department which acts as its agent in the area of law enforcement, and that at all times relevant herein, Detective R. J. Pike was employed by the City as a police officer.  Except as admitted herein, paragraph 4 of the Amended Complaint contains legal conclusions to which no responsive pleading is required, or the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4.  Therefore, except as admitted herein, these allegations are denied.

5.     Admitted.

6.     It is admitted that the City of Raleigh has purchased liability insurance providing certain coverage for certain claims in excess of one million dollars ($1,000,000.00) and with a limit of liability of ten million dollars ($10,000,000.00).  For all claims under one million dollars ($1,000,000.00), the City is wholly self-insured and has not waived its immunity through the purchase of insurance.  Upon information and belief, the City's insurance policy provides no indemnification for Plaintiffs' claims, and the City has not waived its immunity for Plaintiffs' claims. Except as admitted herein, these allegations are denied.

7.     It is admitted that at all times relevant herein, Detective Pike was a Detective with the Raleigh Police Department and an employee of the City of Raleigh.  Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7.  Therefore, these allegations are denied.

8.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Amended Complaint.  Therefore, these allegations are denied.

9.     It is admitted that the official policies and customs of the Raleigh Police Department (hereinafter, the "RPD") are lawful and consistent with the United States Constitution, the North Carolina Constitution, North Carolina common law, and the lawful practices of law enforcement agencies throughout the state and nation. To the extent that the allegations contained in paragraph 9 state or imply that the official policies and customs of the RPD are unlawful or inconsistent with United States Constitution, the North Carolina Constitution, North Carolina common law, and the lawful practices of law enforcement agencies throughout the state and nation, these allegations are denied.

10.     Paragraph 10 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 10 are denied.

11.     Paragraph 11 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 11 are denied.

12.     Paragraph 12 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 12 are denied.

13.     Paragraph 13 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 13 are denied.

14.     Paragraph 14 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 14 are denied.

15.     It is admitted upon information and belief that on the evening of July 11, 2014, Plaintiffs were patrons at Noir, a nightclub located at 425 Glenwood Avenue, Raleigh, North Carolina. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Amended Complaint. Therefore, these allegations are denied.

16.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Amended Complaint. Therefore, these allegations are denied.

17.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Amended Complaint. Therefore, these allegations are denied.

18.     The following are admitted upon information and belief:  on July 11, 2014, Raleigh Police Detective R. J. Pike (hereinafter, "Det. Pike") was employed by Noir during his off-duty hours in order to provide an additional security presence for the nightclub. Det. Pike was attired in his full Raleigh Police Department uniform and standing on or about the public sidewalk in front of Noir when one or more employees of Noir asked Det. Pike to assist with preventing Plaintiff Horton from re-entering Noir after Plaintiff Horton had been ejected for disruptive conduct or for violating the nightclub's rules.  Except as admitted herein, these allegations are denied.

19.     It is admitted upon information and belief that Det. Pike was in the process of explaining to Plaintiff Horton that he would not be permitted to re-enter Noir when Plaintiff Nwankwo approached Det. Pike and began to loudly and belligerently challenge Det. Pike's

4

authority to prevent Plaintiff Horton from re-entering the nightclub.  Except as admitted herein, these allegations are denied.

20.    It is admitted upon information and belief that Det. Pike warned Plaintiff Nwankwo that he was interfering with a law enforcement officer attempting to carry out his lawful duties, and advised Mr. Nwankwo to desist and step away.  Except as admitted herein, these allegations are denied.

21.    The following are admitted upon information and belief:  Plaintiffs begin to walk away, but Plaintiff Nwankwo stopped on the public sidewalk and continued to loudly berate Det. Pike using confrontational and profane language.  The public sidewalk in front of Noir was very crowded with pedestrians and Det. Pike observed several pedestrians moving from the public sidewalk into the public street in order to avoid Plaintiff Nwankwo.  Det. Pike warned Plaintiff Nwankwo that he was impeding pedestrian traffic along the public sidewalk in violation of a Raleigh City ordinance, and advised him to continue moving along.  Plaintiff Nwankwo refused to obey Det. Pike's commands and continued to loudly harangue Det. Pike.  Except as admitted herein, these allegations are denied.

22.    The following are admitted upon information and belief:  because Plaintiff Nwankwo continued to impede pedestrian traffic despite Det. Pike's warning, Det. Pike decided to issue Plaintiff Nwankwo a citation for violation of Raleigh City Code Sec. 13-2031 - *Pedestrian Interference*.  Det. Pike advised Plaintiff Nwankwo that he would be issued a citation and asked for his identification.  Plaintiff Nwankwo continued to verbally abuse Det. Pike in a loud and confrontational manner, refused to cooperate with Det. Pike, and began walking away. Due to Plaintiff Nwankwo's continued and repeated refusal to obey Det. Pike's lawful commands, Det. Pike decided to physically arrest Plaintiff Nwankwo.  Det. Pike was able to

5

place Plaintiff Nwankwo under arrest and placed steel handcuffs on his wrists without incident. Except as admitted herein, these allegations are denied.

23.     It is admitted that based on the conduct described above, Det. Pike arrested Plaintiff Nwankwo for violating Raleigh City Code Sec. 13-2031 and N.C. Gen. Stat. § 14-223. Except as admitted herein, these allegations are denied.

24.     Denied.

25.     Denied.

26.     It is admitted upon information and belief that other Raleigh police officers arrived on the scene and took custody of Plaintiff Nwankwo while Det. Pike and the manager of Noir attempted to explain to Plaintiff Horton why he had been ejected from the nightclub. Except as admitted herein, these allegations are denied.

27.     Denied.

28.     It is admitted upon information and belief that Det. Pike was able to place Plaintiff Nwankwo under arrest and placed steel handcuffs on his wrists without incident. Except as admitted herein, these allegations are denied.

29.     Denied.

30.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Amended Complaint.  Therefore, these allegations are denied.

31.     It is specifically and expressly denied that Det. Pike's actions on July 11, 2014 were disproportionate or inappropriate in any way.   The remaining allegations set forth in paragraph 31 are also denied.

6

32.     It is admitted upon information and belief that throughout his interaction with Raleigh police officers on July 11, 2014, Plaintiff Nwankwo was uncooperative, loud, verbally abusive, verbally combative, and profane.  Except as admitted herein, these allegations are denied.

33.     It is specifically and expressly denied that any Raleigh police officer tightened any handcuffs on Plaintiff Nwankwo's wrists at any time so as to inflict undue injury or suffering.  However, it is admitted upon information and belief that Raleigh police officers escorted Plaintiff Nwankwo to a RPD transport van, and that Plaintiff Nwankwo began complaining that he was being injured.  It is further admitted that one or more Raleigh police officers physically examined Plaintiff's Nwankwo's handcuffs and confirmed that they were not restricting blood flow.  Except as admitted herein, these allegations are denied.

34.     Denied.

35.     Denied.

36.     The following are admitted upon information and belief:  as other Raleigh police officers took custody of Plaintiff Nwankwo, Det. Pike and the manager of Noir attempted to explain to Plaintiff Horton why he had been ejected from the nightclub.  Plaintiff Horton ignored Det. Pike and the manager of Noir and attempted to interject himself into the interaction between the Raleigh police officers and Plaintiff Nwankwo.  Plaintiff Horton placed himself in close proximity to the Raleigh police officers who were maintaining custody of Plaintiff Nwankwo several times and was warned several times to step away.  As Raleigh police officers began escorting Plaintiff Nwankwo to a Raleigh Police Department transport van, Plaintiff Horton began following closely behind and continued to place himself in close proximity to the officers escorting Plaintiff Nwankwo.  At some point during the arrest of Plaintiff Nwankwo, Plaintiff

7

Horton began using a mobile phone to videotape Plaintiff Nwankwo's arrest and the officers escorting Plaintiff Nwankwo to the RPD transport van. Except as admitted herein, these allegations are denied.

37. It is admitted upon information and belief that throughout his interaction with Raleigh police officers on July 11, 2014, Plaintiff Nwankwo was uncooperative, loud, verbally abusive, verbally combative, and profane. It is further admitted that as Plaintiff Horton began recording Plaintiff Nwankwo using his mobile phone, Plaintiff Horton warned Plaintiff Nwankwo to discontinue his profanity and misconduct. Except as admitted herein, these allegations are denied.

38. The following are admitted upon information and belief: After Plaintiff Nwankwo's arrest, Det. Pike and the manager of Noir attempted to explain to Plaintiff Horton why he had been ejected from the nightclub. Plaintiff Horton ignored Det. Pike and the manager of Noir and continued to interject himself into the interaction between Raleigh police officers and Plaintiff Nwankwo. As Raleigh police officers began escorting Plaintiff Nwankwo to a RPD transport van, Plaintiff Horton began following closely behind and continued to place himself in close proximity to the officers escorting Plaintiff Nwankwo. Except as admitted herein, these allegations are denied.

39. The following are admitted upon information and belief: during Plaintiff Nwankwo's arrest, Plaintiff Horton attempted to interject himself into the interaction between Raleigh police officers and Plaintiff Nwankwo several times and was warned several times to step away. After Plaintiff Nwankwo was placed under arrest and transferred to the custody of other Raleigh police officers, Det. Pike and the manager of Noir attempted to explain to Plaintiff Horton why he had been ejected from the nightclub. Plaintiff Horton ignored Det. Pike and the

manager of Noir and continued to interject himself into the interaction between Raleigh police officers and Plaintiff Nwankwo. As Raleigh police officers began escorting Plaintiff Nwankwo to a RPD transport van, Plaintiff Horton began following closely behind and continued to place himself in close proximity to the officers escorting Plaintiff Nwankwo. A Raleigh police officer attempted to use his bicycle as a barrier to maintain a safe distance between Plaintiff Horton and the officers escorting Plaintiff Nwankwo, but Plaintiff Horton dodged past the bicycle while facetiously claiming that the officer was trying to trick him. Except as admitted herein, these allegations are denied.

40. It is admitted that "10-95" is a RPD code meaning "arrest made" or "taken into custody."

41. The following are admitted upon information and belief: during Plaintiff Nwankwo's arrest, Plaintiff Horton attempted to interject himself into the interaction between Raleigh police officers and Plaintiff Nwankwo several times and was warned several times to step away. After Plaintiff Nwankwo was placed under arrest and transferred to the custody of other Raleigh police officers, Det. Pike and the manager of Noir attempted to explain to Plaintiff Horton why he had been ejected from the nightclub. Plaintiff Horton ignored Det. Pike and the manager of Noir and continued to interject himself into the interaction between Raleigh police officers and Plaintiff Nwankwo. As Raleigh police officers began escorting Plaintiff Nwankwo to a RPD transport van, Plaintiff Horton began following closely behind and continued to place himself in close proximity to the officers escorting Plaintiff Nwankwo. A Raleigh police officer attempted to use his bicycle as a barrier to maintain a safe distance between Plaintiff Horton and the officers escorting Plaintiff Nwankwo, but Plaintiff Horton dodged past the bicycle while facetiously claiming that the officer was trying to trick him. Despite earlier warnings, Plaintiff

Horton then placed himself immediately behind the officers escorting Plaintiff Nwankwo. Due to Plaintiff Horton's continued attempts to interject himself into Plaintiff Nwankwo's arrest and refusal to maintain a safe distance from the officers escorting Plaintiff Nwankwo to the transport van, Plaintiff Horton was placed under arrest for resisting, delaying, or obstructing a law enforcement officer. Except as admitted herein, these allegations are denied.

42.     It is admitted that a Raleigh police officer handcuffed Plaintiff Horton and escorted him to a RPD transport van.

43.     Denied.

44.     It is admitted that Plaintiff Horton was charged with Second Degree Trespass for refusing to leave Noir after being asked to do so by agents of the property owner. Except as admitted herein, these allegations are denied.

45.     The contents of any charge or citation issued to Plaintiff Horton speak for themselves. Except as admitted herein, these allegations are denied.

46.     Denied.

47.     Denied.

48.     The contents of any charge or citation issued to Plaintiff Horton speak for themselves. Except as admitted herein, these allegations are denied.

49.     Denied.

50.     It is admitted that Plaintiffs were placed in a RPD transport van. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the Amended Complaint. Therefore, these allegations are denied.

51.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Amended Complaint. Therefore, these allegations are denied.

52.     It is admitted that the Plaintiffs were transported by Raleigh police officers to the Wake County Public Safety Center where Wake County detention officers took custody of the Plaintiffs. Except as admitted herein, these allegations are denied.

53.     Admitted upon information and belief.

54.     It is admitted that the charges against the Plaintiffs were dismissed. It is further admitted that the Wake County Assistant District Attorney who dismissed the charges against Plaintiff Nwankwo mistakenly believed that a violation of Raleigh City Code Sec. 13-2031(b) could only occur in connection with panhandling. Except as admitted herein, these allegations are denied.

55.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

63.     The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 of the Amended Complaint.  Therefore, these allegations are denied.

64.     Paragraph 64 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the allegations contained in paragraph 64 are denied.

65.     The allegations contained in paragraph 65 of the Amended Complaint, including subparts (a) through (e) are denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

71.     Paragraph 71 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the allegations contained in paragraph 71 are denied.

72.     Denied.

73.     The contents of Raleigh Police Department Policy 1108-03 speak for themselves. Except as admitted herein, these allegations are denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     The contents of Raleigh Police Department Policy 1100-04 speak for themselves. Except as admitted herein, these allegations are denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98. The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

99. Denied.

100. It is admitted that the criminal proceedings against the Plaintiffs were voluntarily dismissed by a Wake County Assistant District Attorney. Except as admitted herein, paragraph 100 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 100 are denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

106. Denied.

107. It is admitted that the criminal proceedings against the Plaintiffs were voluntarily dismissed by a Wake County Assistant District Attorney. Except as admitted herein, paragraph 107 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, the allegations contained in paragraph 107 are denied.

108. Denied.

109. Denied.

110. Denied.

14

111.     Denied.

112.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

125.     Paragraph 125 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the allegations contained in paragraph 125 are denied.

126.     Paragraph 126 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the allegations contained in paragraph 126 are denied.

127.     Denied.

128.     The contents of Raleigh Police Department Policy 1108-03 speak for themselves.
Except as admitted herein, these allegations are denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     The contents of Raleigh Police Department Policy 1100-04 speak for themselves.
Except as admitted herein, these allegations are denied..

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     The City incorporates its responses to the preceding paragraphs by reference as if
fully restated herein.

145.     Denied.

146.     Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    The City incorporates its responses to the preceding paragraphs by reference as if fully restated herein.

151.    Paragraph 151 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the allegations contained in paragraph 151 are denied.

152.    Denied.

153.    Paragraph 153 of the Amended Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the allegations contained in paragraph 153 are denied.

154.    Denied.

## SECOND DEFENSE

The City of Raleigh is a municipal corporation.  Providing police service is a governmental function.  The City possesses sovereign or governmental immunity for claims related to this governmental function.  The City has not waived its immunity applicable in this action and, therefore, immunity bars Plaintiffs' claims against the City and against any Raleigh police officers in their official capacities.

## THIRD DEFENSE

To the extent that Plaintiffs claim that any statements provided by Raleigh police officers during the course of any investigation, court proceeding, or hearing, including testimony before a magistrate or judge, was inaccurate, false, or fabricated, which is strenuously denied, the City

pleads that these claims are barred in whole or in part by all applicable immunities and privileges applying to these proceedings and testimony, including qualified and absolute immunity.

## FOURTH DEFENSE

The City pleads all other applicable immunities, including all qualified and absolute immunities, to which the Defendants are entitled by operation of law in bar of Plaintiffs' right to recover herein.

## FIFTH DEFENSE

At all times relevant herein, all City employees who interacted with Plaintiffs acted reasonably and did not violate any of Plaintiffs' clearly established statutory or Constitutional rights. The Plaintiffs' claims are barred by the reasonable and lawful conduct of the City's employees.

## SIXTH DEFENSE

The actions of Raleigh police officers in connection with the detention and arrest of Plaintiffs were valid, lawful, reasonable, and supported by probable and just cause. Probable cause, just cause, and legal justification are pled in bar of Plaintiffs' claims in this action.

## SEVENTH DEFENSE

The City employees who interacted with Plaintiffs exercised their discretion and judgment and acted within reasonable limits in their contacts with Plaintiffs given the facts and circumstances that faced them. The appropriate exercise of discretion and judgment by the City's employees bars Plaintiffs' claims.

## EIGHTH DEFENSE

Raleigh police officers complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive. Any injuries allegedly accruing to

18

Plaintiffs, the existence of which is specifically denied, are therefore not actionable as to the City.

<b><u>NINTH DEFENSE</u></b>

If the City or any of the City's employees were negligent, which is specifically denied, then Plaintiffs by their own negligence contributed to their loss or damage in the following particulars:

a.    In violation of North Carolina law, Plaintiff Horton refused to leave property within the lawful possession of the owners of Noir after one or more representatives of the owner asked Plaintiff Horton to leave;

b.    In violation of North Carolina law, Plaintiff Horton refused to obey the lawful commands of one or more law enforcement officers carrying out their official duties;

c.    In violation of the Raleigh City Code, Plaintiff Nwankwo placed himself upon a public sidewalk in such a manner as to block passage by pedestrians and forced pedestrians to leave the public sidewalk in order to avoid physical contact with him;

d.    In violation of North Carolina law, Plaintiff Nwankwo refused to obey the lawful commands of one or more law enforcement officers carrying out their official duties;

e.    Plaintiffs committed one or more misdemeanor criminal violations in the presence of law enforcement officers foreseeably leading to their arrest pursuant to N. C. Gen. Stat. § 15A-401; and

f.    Plaintiffs were negligent in other ways that will be shown through discovery and at trial.

Plaintiffs' own negligence was the actual and proximate cause of and contributed to the damages or losses that Plaintiffs seeks from the City, and such contributory negligence is raised as a bar to all applicable claims asserted in this action.

<b><u>TENTH DEFENSE</u></b>

If any Raleigh police officer acted illegally, negligently, maliciously, or corruptly, which the City denies, then the illegal, negligent, malicious, or corrupt act was an isolated instance and not sufficient to support a claim against the City under the U.S. Constitution.

## ELEVENTH DEFENSE

No act or actionable omission by the City was the proximate cause of any of the alleged violations or damages Plaintiffs seek to recover.

## THIRTEENTH DEFENSE

Plaintiffs claim that Raleigh police officers acted maliciously or corruptly in connection with the matters described in the Amended Complaint. The City strenuously denies those allegations. Malicious and corrupt actions are outside the scope of employment of a police official and would obviate vicarious liability in this action. If a jury determines that any Raleigh police officer acted maliciously or corruptly, then the City has no vicarious liability for these acts outside the course and scope of City employment.

## FOURTEENTH DEFENSE

As a further affirmative defense, the City and supervisory employees of the City of Raleigh's Police Department have (1) implemented policies concerning arrest and use of force; (2) conducted appropriate training of all of its police officers; (3) and appropriately investigated uses of force by its police officers. These policies, customs, and training comport with the United States Constitution and are pled in bar of any recovery in this action.

## FIFTEENTH DEFENSE

As a further affirmative defense, to the extent that any Raleigh police officer was, at the time of the incident(s) described in the Amended Complaint, off-duty and engaged in part-time employment for another entity, such officer was not acting within the course and scope of

employment for the City, and the City bears no liability under *respondeat superior* or any other theory related to such officer's on-duty employment.

## SIXTEENTH DEFENSE

As a further affirmative defense, to the extent that the City or any of its employees, acting within the course and scope of their employment with the City, were negligent, and such negligence was the proximate cause of any injury to Plaintiffs, which is specifically denied, and to the extent that the evidence shows that the Plaintiffs have failed to mitigate their damages, such failure to mitigate damages is pled in bar of any recovery in this action.

## SEVENTEENTH DEFENSE

As a further affirmative defense, to the extent that Plaintiffs seek to recover punitive damages from the City of Raleigh, such claim is unsupported by statutory authority, violates the Constitution of the United States in that it seeks to deprive the City of property without due process of law, violates the Constitution's provisions concerning equal protection, and violates the Constitution's prohibition against the imposition of excessive fines. Therefore, Plaintiffs' claims for punitive damages are barred against the City of Raleigh and against any Raleigh police officers in their official capacities.

## ADDITIONAL DEFENSES

The City reserves the right to amend its Answer and to assert additional affirmative defenses as the claims of the Plaintiffs are more fully disclosed during the course of this litigation. In addition, the City incorporates herein by reference all defenses asserted by any subsequently named Raleigh police officer sued in his or her individual capacity in this action to the extent that such defenses negate liability of the City of Raleigh.

21

## JURY DEMAND

The City does not request a trial by jury on issues related to insurance or immunity. The City does, however, request a jury trial on all other issues so triable.

WHEREFORE, the City respectfully prays that:

1. Plaintiffs have and recover nothing from the City;

2. Plaintiffs' prayer for relief be denied in its entirety;

3. The costs of this action, including reasonable attorney's fees, be taxed against the Plaintiffs;

4. The Court grant the City such other and further relief as it deems just and proper.

This the 2nd day of November, 2015.

**CITY OF RALEIGH**
**Thomas A. McCormick**
**City Attorney**

By:     /s/ Hunt K. Choi
         HUNT K. CHOI
         Deputy City Attorney
         NC State Bar No. 24172
         Post Office Box 590
         Raleigh, North Carolina 27602
         Telephone: (919) 831-6560
         Facsimile: (919) 857-4453
         Email: hunt.choi@ci.raleigh.nc.us
         ATTORNEYS FOR CITY OF RALEIGH

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 2nd day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James C. White, Esq.
> Michelle M. Walker, Esq.
> Law Office of James C. White, P.C.
> Post Office Box 16103
> Chapel Hill, NC 27516
> *Counsel for Plaintiffs*
> Fax:  (919) 246-9113
> Email:  jimwhite@jcwhitelaw.com
>
> Patricia L. Holland, Esq.
> Jackson Lewis, LLP
> 1400 Crescent Green Drive, Suite 215
> Cary, NC 27518
> *Counsel for Defendant Pike*
> Fax:  (919) 854-0908
> Email:  patricia.holland@jacksonlewis.com

And I hereby certify that I have mailed the document to the following non CM/ECF participants:

> Respectfully submitted,

> **CITY OF RALEIGH**
> **Thomas A. McCormick**
> **City Attorney**
>
> By:  /s/  Hunt K. Choi
> HUNT K. CHOI
> Deputy City Attorney
> NC State Bar No. 24172
> Post Office Box 590
> Raleigh, North Carolina 27602
> Telephone:  (919) 831-6560
> Facsimile:  (919) 857-4453
> Email:  hunt.choi@ci.raleigh.nc.us
> ATTORNEYS FOR CITY OF RALEIGH

23